Christopher J. Hamner, Esq. (SBN 197117)
Evelina M. Serafini, Esq. (SBN 187137)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com
eserafini@hamnerlaw.com

Attorneys for Plaintiffs and the proposed class

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORY ZOELLE, a California resident, on behalf of herself and the proposed class, CINDY BAKER, a California resident, on behalf of herself and the proposed class, and URSULA AUBURN, a California resident, on behalf of herself and the proposed class, <br><br> Plaintiffs <br><br> v. <br><br> BANK OF AMERICA, N.A., a Delaware corporation; and DOES 1 THROUGH 5, inclusive, <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. **UNFAIR BUSINESS PRACTICES** <br> 2. **VIOLATION OF THE ELECTRONIC FUND TRANFER ACT** <br> 3. **UNJUST ENRICHMENT** <br> 4. **NEGLIGENCE** <br> 5. **CONVERSION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs bring the following causes of action against Defendants.

1

COMPLAINT

## I. FEDERAL JURISDICTION

1. Plaintiffs allege the amount in controversy in this action exceeds the jurisdictional amount under the Class Action Fairness Act (28 U.S.C section 1332). Because Plaintiffs are California residents, and Bank of America, NA is a Delaware corporation, this court has diversity jurisdiction over this matter. Plaintiffs also bring claims for violation of the Electronic Fund Transfer Act, 15 U.S.C. 1693, which confers subject matter jurisdiction upon this court.

## II. THE PARTIES

### A. Plaintiffs

2. Plaintiffs are California residents who applied for and were awarded unemployment insurance benefits ("UI") from the State of California's Employment Development Department ("EDD") in 2020. Plaintiffs and the Proposed Class were provided UI from the EDD through EDD debit cards. These EDD debit cards were processed, maintained and administered by and through defendant Bank of America, N.A.

### B. Defendants

3. Defendant Bank of America, NA ("B of A") is a Delaware corporation which regularly and systematically does business in, and has multiple offices and employees in, this jurisdiction.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 5, inclusive, are currently unknown to Plaintiffs, who therefore sues such Defendant(s) by such fictitious names. Plaintiffs are informed and believe, and based thereon allege, that Defendants designated herein as a DOE are legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court

COMPLAINT

to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known. B of A and Doe Defendants are hereinafter referred to as "Defendants."

## II. GENERAL ALLEGATIONS

5.  In March of 2020 as the COVID-19 pandemic swept through the country, the U.S. Congress passed, and the President signed, the Coronavirus Aid, Relief, and Economic Security Act ("CARES"). CARES was a $2.2 trillion economic stimulus bill which included $260 billion in increased unemployment benefits for the states.

6.  CARES created three programs that significantly expanded unemployment insurance benefits: (1) the Federal Pandemic Unemployment Compensation ("FPUC"), which increased the amount to be paid in weekly unemployment benefits by $600 per week in addition to the normal amount allotted by state programs; (2) the Pandemic Emergency Unemployment Compensation ("PEUC"), which extended unemployment benefit durations by 13 weeks for those who had otherwise exhausted unemployment benefits; and (3) the Pandemic Unemployment Assistance ("PUA"), which expanded eligibility for unemployment insurance by temporarily extending it to any individual who was out of work due to the pandemic, including formerly self-employed, contract, and gig workers.

7.  In California, the coronavirus pandemic led to an unprecedented increase in the number of individuals filing claims to receive UI from the EDD.

8.  During this time, the EDD announced it would be working with B of A to provide UI directly to eligible persons in California through pre-paid EDD debit cards.

9.  These EDD debit cards were intended to be a fast, convenient, and secure way for persons awarded UI from the EDD to receive and use this money.

COMPLAINT

10. The B of A website describes the EDD debit card as:

> The digital card is a Visa prepaid debit card, similar to the physical card and option we offer, except you will not receive a physical card in the mail. **Digital cards are ideal if you prefer to just transfer the funds directly to your personal bank account.** Once you certify for your first payment, the EDD will instruct Bank of America to send you an email with a link to access your digital card. You can then set up a recurring transfer to your bank account through the Bank of America EDD Debit Card website. This way you don't need to wait 7-10 business days for a physical card to arrive in the mail after you certify for your first payment if you just want to transfer funds to your bank account. If you enroll in recurring transfers to your bank account, funds will typically post to your bank account within 1-2 business days after the EDD deposits the funds to your Digital Card. (Emphasis included.)

11. The B of A website also states:

> **Deposits to Your Account and Funds Availability.**
> **Funds Added to Your Account.** Deposits to your Account may only be made by the EDD. We will add funds to your Account only (a) in accordance with instructions from the EDD or (b) to remedy an error made by us or by someone who has accepted your Account. For information on the amounts and scheduled dates of additions to your Account, please contact the EDD. Once funds are properly deposited, the EDD has no rights to any funds in your Account, except as otherwise provided by law or the rules of the network used to make the deposit.
>
> **When Funds are Available for Withdrawal.** Funds are available for your use on the day we have been instructed by the EDD to fund your Account. Once the funds are available, you may make the transactions described below. Funds received by us may be delayed for a longer period if there is an emergency, such as failure of computer or communications. We will notify you if we delay your ability to make transactions as a result of an emergency and we will tell you when funds will be available.
>
> **Overpayments and Reversals.** If funds to which you are not entitled are deposited to your Account by mistake or otherwise, we may

4

COMPLAINT

deduct these funds from your Account. If there are not enough funds, we may overdraw your Account. We can do this without giving you any prior notice or demand.

**"Freezing" Your Account.** If we suspect irregular, unauthorized, or unlawful activities may be involved with your Account, we may "freeze" (or place a hold on) the balance pending an investigation of such suspected activities. If we freeze your Account, we will give you a notice required by law.

**Negative Balances. The amount available on your Card will be reduced by the amount of your transactions plus applicable fees. There is no overdraft/credit feature on your Account.** However, if a negative balance does occur in your Account, you agree (a) that we may take the amount of the negative balance from subsequent additions to your Account or (b) to pay us on demand the amount of the negative balance.

**Our liability for failure to complete transactions.**
If we do not complete a transfer to or from your Account on time or in the correct amount according to this Agreement, we will be liable for your losses or damages.  However, there are some exceptions. We will not be liable, for instance:

- If, through no fault of ours, you do not have enough available money in your Account to make the transaction;

- If the ATM where you are making the transaction does not have enough cash;

- If the ATM, terminal or system was not working properly and you knew about the breakdown when you started the transaction;

- If circumstances beyond our control (such as power outages, equipment failures, fire or flood) prevent the transaction, despite reasonable precautions that we have taken;

- If your Card or PIN has been reported to be, or suspected of being, lost or stolen, and we have taken action to prevent transactions with the Card or PIN;

- If your Account is subject to some legal process, right of setoff or encumbrance restricting the transaction, or if the

> funds in your Account are not immediately available for completing a transaction.

(Emphasis included.)

12. On the EDD website the EDD provides <u>COVID-19 and Your Unemployment – Answers to FAQs</u>, which states:

> If you can't access funds on your EDD Debit Card or funds have been reduced and you have not received any messages from the EDD, it's likely that Bank of America has frozen or suspended the card. This may be due to suspected fraudulent, unauthorized or unlawful activities involved with the EDD Debit Card or a suspect transaction. In this case, the EDD does not need to verify your identity and suggests that you contact Bank of America. We do not have direct access to withdraw funds on any accounts. While debits may appear as having been debited by EDD, the funds were debited by Bank of America.

13. In September of 2020, B of A began freezing, closing and draining EDD debit card accounts apparently due to B of A's concerns that some of these EDD debit cards had been obtained by fraud or were otherwise being used for fraudulent purposes. B of A froze, closed and/or drained funds available in approximately 350,000 EDD debit card accounts, even though B of A knew or should have reasonably known that only a portion of these EDD debit cards were obtained by fraud or being used fraudulently. B of A knew or should have known that taking this action with so many EDD debit card accounts would result in many thousands of legitimate beneficiaries of UI being unable to access funds which these UI beneficiaries had an absolute right to. This shotgun approach by B of A was unreasonable and unfair, and resulted in Plaintiffs and the Proposed Class losing access to desperately needed UI which the EDD had already determined these UI beneficiaries were entitled to. Plaintiffs and the Proposed Class have been harmed by, and continue to be harmed by, these actions by B of A.

14. Instead of working in good faith to expeditiously vet EDD debit card holders and restore access to legitimate EDD debit card holders, B of A has essentially

done nothing.  When affected EDD debit card holders have actually been able to get in contact with B of A to discuss the problem, B of A's policy and practice has been to tell EDD debit card holders that the EDD is who they should contact. Plaintiffs allege that B of A has consistently told this to thousands of legitimate EDD debit card holders, even though it is undisputed that it was B of A and not the EDD which took action to freeze, close and drain the EDD debit cards held by Plaintiffs and the Proposed Class.  Plaintiffs allege B of A's actions and omissions in this regard have been negligent, unfair and unconscionable.

15. Plaintiffs allege B of A's actions have left at least 350,000 EDD debit card holders without access to UI legitimately awarded to them by the EDD.

16. Plaintiffs allege on information and belief that to date, B of A has resolved less than 8% of cases where legitimate EDD debit card holders have had access to their EDD debit cards blocked by B of A.

### III. CLASS ALLEGATIONS

17. Plaintiffs seek to represent the following class pursuant to Federal Rule of Civil Procedure Rule 23:

> **All persons who in 2020 were legitimately awarded unemployment insurance benefits from the EDD through an EDD debit card to be administered by B of A, which B of A thereafter froze, closed, deducted funds from, and/or otherwise blocked access to.**

Plaintiffs reserve the right to amend this class definition.

18. *Numerosity.* The members of the proposed class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe, and on that basis allege, that the proposed class may contain thousands of members. The precise number of proposed class members is unknown to Plaintiffs.  The true number of the proposed class is known by the Defendants, however, and thus, may

7

COMPLAINT

be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

19. **_Existence and Predominance of Common Questions of Law and Fact._** Common questions of law and fact exist as to Plaintiffs and all members of the Proposed Class and predominate over any questions affecting only individual proposed class members.

20. **_Typicality._** Plaintiffs' claims are typical of the claims of the Proposed Class.

21. **_Adequacy of Representation._** Plaintiffs will fairly and adequately protect the interests of the members of the proposed class. Plaintiffs have retained counsel experienced in complex class action litigation. Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the proposed class.

23. **_Superiority._** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant. It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if proposed class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision

COMPLAINT

by a single court, and presents no unusual management difficulties under the circumstances here.

## III.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

24. Plaintiffs re-allege the paragraphs above as if fully set forth herein.

25. The actions of B of A as alleged herein constitute false, fraudulent, unlawful, unfair and deceptive business practices within the meaning of California Business and Professions Code Sections 17200, et seq.

26. Plaintiffs and the Proposed Class are entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

27. As a result of their unlawful acts, B of A has reaped and continues to reap unfair benefits and unlawful profits at the expense of Plaintiffs and the Proposed Class. Plaintiffs allege B of A should be ordered to restore access to Plaintiffs and the Proposed Class to the UI awarded to them by the EDD, which B of A has wrongfully withheld from Plaintiffs and the Proposed Class, and otherwise denied Plaintiffs and the Proposed Class access to. Plaintiffs are informed and believe, and based thereon, allege that B of A has been unjustly enriched by and through its actions alleged herein.

28. Plaintiffs and the Proposed Class allege they have been harmed and prejudiced as a direct and proximate cause of B of A's unfair business practices alleged herein.

29. Plaintiffs and the Proposed Class are entitled to equitable and injunctive relief, including full restitution and disgorgement of all money and profits B of A has gained by its actions alleged herein.

30. Plaintiffs seek an injunction ordering B of A to return and restore the funds it has illegally taken from EDD debit cards, which legitimately belong to Plaintiffs and the Proposed Class. Plaintiffs also seek an injunction ordering B of A to cease and desist from further engaging in the practices alleged herein.

31. Plaintiffs allege the unlawful conduct alleged herein is continuing and there is no indication that B of A will not continue to prevent Plaintiffs and the Proposed Class from accessing the funds which were legitimately awarded to them by the EDD.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT

32. Plaintiffs re-allege the paragraphs above as if fully set forth herein.

33. Plaintiffs allege they and thousands of proposed class members made a notification to B of A of an "error" pursuant to 15 U.S.C. 1693f (a).

34. Plaintiffs allege B of A failed to investigate and correct these "errors" as they were required to do under 15 U.S.C. 1693f (a) and (b).

35. Plaintiffs allege B of A provide provision recredit to the affected accounts as required by 15 U.S.C. 1693f (c).

36. Plaintiffs allege B of A violated 15 U.S.C 1693f (d) by never completing a good faith investigation of the aforementioned "errors" and by not sending a timely explanation to any investigation(s).

37. Plaintiffs allege B of A failed to act in good faith or upon any reasonable basis for believing the accounts in question were not in error. Plaintiffs further allege that B of A knowingly and willfully concluded that the accounts in question

COMPLAINT

were not in error when such a conclusion could not reasonably have been drawn from the evidence available to B of A at the time any investigation(s) was/were made by B of A.

38. Plaintiffs allege B of A is liable for actual damages, restitution of all EDD benefits funds improperly debited by B of A, statutory damages, treble damages pursuant to 15 U.S.C. § 1693f(e), incidental and consequential damages and the injunctive relief requested herein.

## **THRID CAUSE OF ACTION**
## **UNJUST ENRICHMENT**

39. Plaintiffs re-allege the paragraphs above as if fully set forth herein.

40. B of A has been, and continues to be, unjustly enriched to the detriment and at the expense of Plaintiffs and the Proposed Class by B of A's unlawful and unfair conduct alleged herein.

41. Plaintiffs allege B of A has unjustly benefitted through the unlawful and wrongful confiscation and retention of UI which rightfully belong to Plaintiffs and the Proposed Class. Plaintiffs allege that B of A continues to benefit from its wrongful and unreasonable conduct alleged herein to the detriment and at the expense of Plaintiffs and the Proposed Class.

42. B of A has refused to, and continues to refuse to, unfreeze and/or restore access to the EDD debit cards at issue here, despite the fact that thousands of EDD debit card holders have taken reasonable steps to show that they are the legitimate beneficiary of the UI on their EDD debit card.

43. Plaintiffs allege it is against equity and good conscience that B of A be permitted to retain and otherwise prevent access to millions of dollars in UI belonging to Plaintiffs and the Proposed Class.

11
COMPLAINT

44. Plaintiffs and the Proposed Class respectfully request an order requiring B of A to disgorge the funds kept or used by B of A from the frozen, closed and/or drained EDD debit cards at issue here which Plaintiffs allege B of A has wrongfully misappropriated, utilized and/or misappropriated.

45. Plaintiffs and the Proposed Class further request unjust enrichment damages and other relief that this Court deems just and proper.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE

46. Plaintiffs re-allege the paragraphs above as if fully set forth herein.

47. Plaintiffs allege that B of A had a duty to Plaintiffs and the Proposed Class to act honestly, reasonably and fairly with regard to providing access to the funds in their EDD debit card accounts. Plaintiffs further allege that B of A was acting as a fiduciary to Plaintiffs and the Proposed Class with regard to B of A's administration of the EDD debit card program.

48. Plaintiffs allege B of A breached its duties of care to Plaintiffs and the Proposed Class by their approach to mass freezing, closing and draining hundreds of thousands of EDD debit cards, and by failing and refusing to act in good faith to correct these actions when legitimate EDD debit card holders contacted B of A to request that B of A restore access to their EDD debit cards.

49. B of A's breach of its duty of care to Plaintiffs and the Proposed Class has directly and proximately caused harm to Plaintiffs and the Proposed Class by, among other things, preventing Plaintiffs and the Proposed Class from having access to the critical UI in their EDD debit card accounts.

COMPLAINT

# FIFTH CAUSE OF ACTION

# CONVERSION

50. Plaintiffs re-allege the paragraphs above as if fully set forth herein.

51. By freezing, closing and draining the EDD debit cards at issue here, B of A has wrongfully exercised control of UI legitimately awarded to Plaintiffs and the Proposed Class from the EDD.

52. Plaintiffs and the Proposed Class have a right to possession of these funds.

53. Plaintiffs allege B of A has substantially interfered with property rightfully belonging to Plaintiffs and the Proposed Class by knowingly and intentionally converting funds in their EDD debit card accounts to B of A's possession and for B of A's benefit and use.

54. B of A has unreasonably taken possession, and continues to unfairly retain possession of, UI which rightfully belong to Plaintiffs and the Proposed Class.

55. B of A has not restored access to millions of dollars of UI at issue here.

56. Plaintiffs and the Proposed Class have been harmed by the conversion alleged herein by, among other things, being prevented from accessing UI which they have a legal right to possess and use.

57. Plaintiffs and the Proposed Class have not consented to B of A's conversion of funds from their EDD debit cards as alleged herein.

## IV.  PRAYER FOR RELIEF

58. **WHEREFORE,** Plaintiffs, individually and on behalf of the Class, pray for the following relief:

    1. For an Order certifying the Proposed Class as defined above, appointing Plaintiffs as Class representatives for the Proposed Class, and appointing Plaintiffs' counsel as Class counsel for the Proposed

Class;

2. For an Order declaring B of A's actions alleged herein to be unlawful;

3. For an Order declaring that Defendants have been unjustly enriched;

4. An award of all recoverable compensatory, statutory, treble and other damages sustained by Plaintiffs and the Proposed Class, as well as equitable relief including disgorgement and enjoining Defendant from continuing the improper acts as identified herein, and all other available relief under applicable law;

5. For equitable relief to Plaintiffs and the Proposed Class;

6. For an award of all recoverable compensatory, statutory, and other damages sustained by Plaintiffs and Class Members, and equitable relief including disgorgement, unjust enrichment, and all other available relief under applicable law;

7. For an award of punitive damages pursuant to applicable law;

8. For reasonable attorneys' fees and expenses as permitted by applicable statutes and law, including, but not limited to, Code of Civil Procedure section 1021.5;

9. For costs related to bringing this action;

10. For pre and post-judgment interest as allowed by law; and

11. Such further relief at law or in equity that this Court deems just and proper.

COMPLAINT

DATED:   January 18, 2021          HAMNER LAW OFFICES, APLC

_____
Christopher J. Hamner
Attorney for Plaintiffs

COMPLAINT